**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**TABBATHA T. JOHNSON**                              **CIVIL ACTION NO.**

**VERSUS**

**ST. HELENA SCHOOL DISTRICT**                      **21-622-BAJ-EWD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 6, 2022.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Erin Wilder-Doomes_
　　　　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Johnson- certified mail

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**TABBATHA T. JOHNSON**                          **CIVIL ACTION NO.**

**VERSUS**

                                                 **21-622-BAJ-EWD**

**ST. HELENA SCHOOL DISTRICT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Before the Court is the Complaint,[1] filed by Tabbatha T. Johnson ("Plaintiff"), who is representing herself, and who is proceeding *in forma pauperis*.[2] Because Plaintiff has not established a basis for federal subject matter jurisdiction, it is recommended that her suit be dismissed without prejudice on the Court's own motion.

**I.   BACKGROUND AND PLAINTIFF'S CLAIMS**

On October 28, 2021, Plaintiff filed a Complaint against the St. Helena School District on a form document ("St. Helena").[3] In response to the form Complaint's directive to "state the grounds for filing this case in federal court," the Complaint generally alleges that "Defendant criminally and civilly violated the Fair Labor Standards Act ["FLSA"] by willfully withholding Plaintiffs wages."[4] In response to the form Complaint's directive for a statement of Plaintiff's claim and the facts of the case, Plaintiff similarly alleged that: "Plaintiff discovered evidence that defendant backdated her date of termination to withhold wages. Plaintiff discovered evidence that she was under investigation for longer than Defendant stated."[5] In connection with this purported FLSA claim, Plaintiff sought an unquantified amount of back pay, compensatory damages, punitive damages, and the imposition of fines against St. Helena for willfully withholding her wages.

---

[1] R. Docs. 1 & 3..
[2] R. Doc. 3. Plaintiff's application to proceed *in forma pauperis* was granted; however, service on St. Helena was withheld because it was not clear that subject matter jurisdiction exists.
[3] R. Doc. 1. The original Complaint is dated October 21, 2021 but is filed-stamped October 28, 2021. R. Doc. 1, p. 2
[4] R. Doc. 1, p. 1.
[5] R. Doc. 1, p. 2.

Because Plaintiff had not alleged adequate facts to state a claim under the FLSA for this Court to determine whether subject matter jurisdiction exists, the Court issued an Order explaining subject matter jurisdiction to Plaintiff and ordering Plaintiff to file a comprehensive amended Complaint. Plaintiff was required to adequately allege a basis for the Court's subject matter jurisdiction, including but not limited to, a colorable claim for a violation of the FLSA, 29 U.S.C. § 201, *et seq.*, (and to correct other deficiencies in her original Complaint) by no later than December 8, 2021.[6] On December 9, 2021, the Clerk of Court received a two-page handwritten letter from Plaintiff, reiterating her belief that St. Helena "backdated her termination date to intentionally withhold wages."[7] Plaintiff contends that she sent a letter demanding payment of at least $2,000 to St. Helena after discovering an audio recording in which St. Helena allegedly admitted that Plaintiff was still under investigation on April 12, 2019, which is after the March 29, 2019 date St. Helena states that Plaintiff's employment ended in St. Helena's response to Plaintiff's demand letter.[8] Plaintiff believes this discrepancy "is clear evidence of violation of employment standards."[9]

## II. LAW AND ANALYSIS

### A. Plaintiff Has Not Established That This Court Has Subject Matter Jurisdiction

As explained to Plaintiff in the Court's briefing order, unlike state district courts, which are courts of general jurisdiction that may hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under

---

[6] R. Doc. 4. Plaintiff was also ordered to include her signature on all filings with the Court as required by Local Rule 11(a)(2) and Rule F of the Court's Administrative Procedures for Electronic Filing. *Id.* at p. 4.
[7] R. Doc. 6.
[8] R. Doc. 6, p. 1 and R. Doc. 6-1, p. 2. Plaintiff's demand letter states that her termination date was April 12, 2021, but this appears to be an error. R. Doc. 6, p. 1.
[9] R. Doc. 6, p. 2. St. Helena also denies that Plaintiff is owed additional wages.

the Constitution, laws, or treaties of the United States."[10] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[11] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff), and Plaintiff was warned that if she was unable to establish a basis for subject matter jurisdiction, her suit would be dismissed.[12] A federal court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[13]

Plaintiff in this case has not alleged jurisdiction based on diversity of citizenship, and it appears unlikely that she would be able to do so.[14] Rather, Plaintiff has attempted to allege federal question jurisdiction by asserting a cause of action under the FLSA, which establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in federal, state, and local governments. In particular, an employer violates the FLSA if it fails to pay covered employees a minimum wage of $7.25 per hour or fails to pay covered employees at least one and one-half times their normal rate for hours worked in excess of 40 hours per week.[15]

Plaintiff's claim is based on her allegations that she "discovered evidence that defendant backdated her date of termination to withhold wages…."[16] Plaintiff also attached her demand letter

---

[10] 28 U.S.C. § 1331.
[11] 28 U.S.C. § 1332.
[12] *See* R. Doc. 4, pp. 3-4. *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[13] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[14] From the allegations of the Complaint, both Plaintiff and St. Helena are likely Louisiana citizens, and Plaintiff's claim for withheld wages of $2,000 (*see* Plaintiff's demand for that amount at R. Doc. 6-1, p. 1) likely fails to reach the required jurisdictional amount of $75,000, exclusive of interest and costs.
[15] *Knaps v. Quality Refractory Serv., Inc.,* No. 19-13419, 2021 WL 125932, at *2 (E.D. La. Jan. 13, 2021) citing 29 U.S.C. §§ 206, 207.
[16] R. Doc. 1, p. 2. Plaintiff attached a Notice of Right to Sue from the Equal Employment Opportunity Commission to her Complaint, but has not alleged a violation of any the statutes that the EEOC enforces or investigates. R. Doc. 1-1, pp. 1-2.

3

to St. Helena, stating that her last day of work was April 12, 2021 (sic, 2019) and she is owed "at least $2,000."[17] These allegations appear to be claims for "straight time" lost wages; however, "[c]laims for unpaid straight-time wages that do not implicate the minimum wage or overtime pay requirements are generally not cognizable under the FLSA."[18]

Plaintiff has not met her pleading burden to allege a FLSA claim for overtime or minimum wages. In order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid ... periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due."[19] Even assuming that Plaintiff has pleaded enough to satisfy the first two elements, she has alleged no facts in support of elements three and four, as Plaintiff does not state or imply that overtime or minimum wage violations occurred, nor does she

---

[17] R. Doc. 6-1. The demand letter tracks the language of the Louisiana wage payment statutes, La. R.S. § 23:631, *et seq.*, to the extent that it references that more than 15 days had passed since Plaintiff's employment ended and demands that St. Helena pay Plaintiff any undisputed portion immediately. *See* La. R.S. § 23:631(A)(1) and (B) ("Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first….In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.").

[18] *Valcho v. Dallas Cnty. Hosp. Dist.,* 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009) ("These claims are often called 'gap time' claims, and Judge Solis defined them as follows in *Green:* Although there is no Fifth Circuit case law on 'gap time' claims, Courts of Appeal and District Courts in other circuits have used the term " 'gap time' to refer to 'time that is not covered by the overtime provisions because it does not exceed the overtime limit, and ... time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.[' "]."), citing *Green v. Dallas County Schs.,* 2005 WL 1630032, at *3 (N.D. Tex. July 6, 2005) (other citations omitted). *See also Timm v. Advanced Eng'g Sols., Inc.,* No. A-12-CV-227 ML, 2014 WL 12649850, at *7 (W.D. Tex. Mar. 18, 2014) ("…Plaintiff's allegations, and motion for summary judgment, make clear Timm is seeking recovery of unpaid wages in an amount Defendants allegedly agreed to pay him. However, the FLSA does not provide a cause of action for unpaid wages, but rather only for failure to pay an employee overtime pay or the legal minimum wage, currently $7.25 per hour. *Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009) (concluding employee did not state FLSA claim because allegations involved failure to pay wages rather than unpaid minimum wages or overtime pay)….")(other citations omitted).

[19] *Knaps,* 2021 WL 125932, at *2, citing *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

4

provide any information regarding how much overtime and/or minimum wages she is owed.[20] Plaintiff has not alleged the hours of work for which she was uncompensated, her rate of pay, or the relevant time period at issue (other than competing dates of termination). As such, Plaintiff has failed to allege the elements required to show a FLSA overtime or minimum wage violation.

In fact, Plaintiff's claim in this action is almost identical to a claim she asserted in a proceeding filed in June 2020 in this Court, Civil Action No. 20-414-SDD-RLB, in which she made similar allegations of withheld wages against St. Helena that appears to also arise out of the termination of her employment in early 2019.[21] In that case, Plaintiff based her wage claims on Louisiana law, *i.e.*, La. R.S. § 23:631, *et. seq.*, and asserted other claims, all of which were dismissed for lack of subject matter jurisdiction.[22]

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[23] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and

---

[20] *See Knaps,* 2021 WL 125932, *3 ("With respect to the third element, Plaintiff must plead sufficient facts to 'put the defendants on notice as to the approximate date ranges, as well as the approximate number of hours worked,' for which he claims he was undercompensated.") (citations omitted). *See also Williams v. Superior Hosp. Staffing Inc.,* No. CV 18-2793, 2019 WL 118013, at *3 (E.D. La. Jan. 7, 2019) (holding that, to state a FLSA overtime wage claim, the plaintiff must allege the amount that defendants paid, the time period during which she worked, that she worked in excess of forty hours, and that she was never paid one-and-half times their hourly rate) (citation omitted).

[21] To the extent Plaintiff's claims against Defendant arise out of conduct that occurred in March 2019, they may also be prescribed.

[22] *Tabbatha Johnson v. St. Helena School District*, Civil Action No. 20-414-SDD-RLB, R. Doc. 1, pp. 1 and 3 (referencing withheld wages) and R. Docs. 7-9. This Court held that subject matter jurisdiction was lacking over Plaintiff's state law wage claim because she failed to show that the parties were diverse (No. 20-414, R. Doc. 7, p. 3); however, Plaintiff's cause of action appears to arise under the Louisiana wage payment statutes, which govern the timing and payment of lost wages.

[23] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction."), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

does not move to dismiss for want of subject-matter jurisdiction."[24]  Even construing Plaintiff's Complaint and procedurally-deficient response to the briefing order liberally,[25] Plaintiff has not met her burden of establishing that this Court has federal subject matter jurisdiction, and therefore, this case should be dismissed without prejudice.

### B. Leave to Amend is Not Warranted Because Further Amendments Would Be Futile

Further leave to amend is not warranted in this case.  Plaintiff was given the opportunity to amend, but even after amendment, Plaintiff has failed to state a cause of action under federal law.[26] Plaintiff has also not requested any additional leave to amend and stated in her response to the briefing order: "Should the court determine that the case lacks subject matter jurisdiction or some other issue. Plaintiff will seek to file in another venue. Or pursue an alternate resolution with the Defendant."[27] Finally, Plaintiff has previously raised substantially the same claim (and others) in Civil Action No. 20-414 (M.D. La.), which was also dismissed for lack of subject matter jurisdiction.[28]

---

[24] *Dickens v. TASB Risk Management*, No. 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018).  *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (citing Fed. R. Civ. P. 12(h)(3)).

[25] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[26] A court is not required to give a party unlimited opportunities to amend, particularly not if the party has been made aware of potential defects and failed to correct them in a prior amendment. *See, Ricard v. Hooper*, No. 20-419, 2021 WL 6536665, at *3 (M.D. La. Dec. 29, 2021), *report and recommendation adopted sub nom. Ricard v. Hooper*, No. 20-419, 2022 WL 164536 (M.D. La. Jan. 18, 2022) (recommending denial of further leave to amend because the plaintiff had already had multiple opportunities to do so and failed to cure the pleading deficiencies), citing *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service,* No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

[27] R. Doc. 6, p. 2.

[28] *See* Complaint at No. 20-414 (M.D. La. June 26, 2020), R. Doc. 1, p. 3 (alleging backdated termination date and withheld wages by St. Helena) and No. 20-414 (M.D. La. Sept. 22, 2020), R. Doc. 7 (recommending dismissal).

### III. Conclusion, Order and Recommendations

As Plaintiff Tabbatha Johnson has failed to establish federal subject matter jurisdiction,

**IT IS RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**. Leave to amend is not warranted because Plaintiff has had an opportunity to amend her Complaint to assert a claim giving rise to subject matter jurisdiction and has not done so.

**IT IS ORDERED** that the Clerk of Court shall serve this Order on Tabbatha T. Johnson via certified mail, return receipt requested at her address listed on PACER.

Signed in Baton Rouge, Louisiana, on July 6, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**